# SUPERIOR COURT OF BALTIMORE CITY.

Filed September 19, 1914.

---

PHILIP D. LAIRD

VS.

JAMES F. THRIFT, COMPTROLLER.

---

W. Cabell Bruce, W. W. Beck and Edward M. Hammond for petitioner.

S. S. Field for respondent.

DOBLER, J.—

The constitutional questions argued in this case were all involved in the case of the Auxiliary Realty Co. vs. Mayor and City Council of Baltimore, decided by Judge Stockbridge in the Circuit Court of this city, but it is herein contended that no suggestion of the violation of Section 29 of Article III of the Constitution of Maryland was made in the former case and consequently that question is open now, and moreover that the decision of the Court of Appeals in the recent case of Cecil vs. County Commissioners of Anne Arundel County must be regarded as a determination of the law contrary to the opinion and adjudication of our Circuit Court.

1. If Section 29 of Article III of the Constitution has not been properly observed in the enactment providing for the salary of the plaintiff the objection is available in this case. I am unable to discover any violation of the Constitution in this regard. The title of the Act of 1910, Chapter 180, is "An Act to create a Public Service Commission * * * *and making appropriations therefor.*" To my mind this gave ample notice of an intention to make lawful appropriations for the compensation of the commissioners and others engaged in carrying out the purposes of the Act. I concur in the former opinion that the provisions for the payments of the salaries in part by the City of Baltimore were within the power of the legislature to enact. Moreover the Act of 1914, Chapter 750, in express terms repeals and re-enacts with amendments that portion of the Act of 1910, Chapter 180, relating to the compensation of the members of the Public Service Commission. This latter enactment gratifies every requirement of the 29th Section of Article III.

2. There is no necessary conflict between the decision of the Court of Appeals in the case of Cecil vs. County Commissioners of Anne Arundel County and the opinion of Judge Stockbridge in the case in our Circuit Court. In both cases it was held that the first section of Article XV of the Constitution of Maryland was adopted for the purpose of correcting the abuses growing out of the system of compensating officials of the State by the fees of their offices. The Sheriff of Anne Arundel County at the time of the adoption of the present Constitution and prior to the Act of 1902 was paid by and from the fees of his office. He is still required to collect the fees provided by law for the discharge of his official acts. By the Acts of 1902 and 1912 provisions were made to give him a fixed annual salary of Three Thousand Dollars and also to allow him certain fees for the execution of the death penalty. This latter allowance was held unlawful because having been given a salary amounting to all that a fee officer could receive and retain, any fee if paid to the sheriff must be by him accounted for to the Comptroller and paid over to the Treasurer of the State.

The demurrer to the defendant's answer will therefore be sustained.